UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **CASSANDRA JOHNSON,** | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO. 23-cv-1776 |
| | : | |
| v. | : | (JUDGE MANNION) |
| | : | |
| **WELLPATH LLC, SCOTT PRINCE, and LORETTA DE BOER,** | : | |
| | : | |
| **Defendants** | : | |
| | : | |

# MEMORANDUM

The court considers Defendants' motions to dismiss Plaintiff's amended complaint. (Doc. 33; Doc. 37).

## I.   BACKGROUND

The amended complaint (the "Complaint") names as defendants Wellpath LLC,[1] Scott Prince, D.O, Loretta De Boer, R.N, and "John Does 1–10," medical staff at the Pennsylvania State Correctional Institute at

---

[1] The Complaint's caption lists as defendants "Jessamine Healthcare, Inc.," "Jessamine Healthcare, Inc. d/b/a Correct Care Solutions LLC / Wellpath LLC," and "Correct Care Solutions LLC / Wellpath LLC." (Doc. 1). Defendants in their filings identify the corporate entity as "Wellpath LLC," and indicate that the entity name has been incorrectly identified by the Complaint.

Waymart. Plaintiff Cassandra Johnson is the sister of Percy Jackson and the Administrator of his Estate. The Complaint alleges the following.

Percy Jackson, (the "Decedent"), was incarcerated at the Pennsylvania State Correctional Institute at Dallas starting around March 1972. (Doc. 32 ¶10). He suffered from congestive heart failure, due to which he suffered from shortness of breath, fatigue, swollen legs, and a rapid heartbeat. He had trouble breathing and used an inhaler. (Id. ¶¶14–15).

He was transferred to SCI-Waymart, where Dr. Prince and Nurse De Boer were employed as Physician/Head of Medical Department and Head Nurse. "When [D]ecedent would tell [D]efendants that he could not breathe, they would ignore him." (Id. ¶18). He would often be told to "wait until sick call" when he went to the infirmary. (Id. ¶19). "[N]othing would be done" when Decedent experienced shortness of breath. (Id. ¶20). Although "Decedent was told that he needed a stent in his heart," his "requests to receive the s[t]ent were ignored" and he was "never [sent] to the hospital to get the stent." (Id. ¶¶21–24).

Defendants "at one point" prescribed Enalapril, "a blood pressure/heart medicine that is harmful to African Americans," which "put him into anaphylactic shock, requiring hospitalization." (Id. ¶26). "Decedent's respiratory and cardiac issues were ongoing and left untreated by

- 2 -

Defendants." (Id. ¶27). Defendant died on January 14, 2022 due to, among other things, cardiopulmonary arrest. (Id. ¶29).

Defendants Prince, De Boer, and John Does "knowingly denied [Decedent] the medical care he needed." (Id. ¶31). "Defendants have a policy, practice, or custom, including failing to render proper medical treatment to prisoners, including failing to give adequate correct, or timely treatment, knowing of excessive risk to prisoners' health, and disregarding those risks by failing to take reasonable measures to address the risks, and failing to provide humane conditions of confinement." (Id. ¶32). Defendant Prince "in conjunction with Defendant De Boer and Head Medical Staff at SCI-Waymart were the ultimate decision makers regarding the aforesaid policy, practice, or custom." (Id. ¶33). "As a result of Defendants' negligence, [D]ecedent underwent extreme pain and suffering" and his estate "has sustained damages." (Id. ¶¶34–35).

Plaintiff claims, through 42 U.S.C. §1983, violations of the Eighth Amendment. (Doc. 32 ¶¶36–41). She also asserts *Monell* liability. (Id. ¶¶48–50). And she brings a claim of negligence under Pennsylvania's Wrongful Death statute, 42 Pa. Cons. Stat. §8301, (Id. ¶¶42–47), but now withdraws such claim. (Doc. 43 at 14). Defendants move to dismiss the Complaint. (Doc. 33; Doc. 37). Their first motion seeks dismissal under Federal Rule of

Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 33). Their second motion seeks dismissal of Count II of the Complaint (a negligence wrongful death claim) because Plaintiff has not filed a certificate of merit as required by Pennsylvania Rule of Civil Procedure 1042.3. (Doc. 37; Doc. 38). Plaintiff has now withdrawn this claim. (Doc. 43 at 14).

## II.   LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). So a complaint that contains only "labels and conclusions," or a "formulaic recitation of the elements of a cause of action" does not comply with Rule 8. *Id.*

A defendant may move to dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*,

556 U.S. at 678. Facial plausibility is achieved "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not require probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with" liability do not satisfy this standard. *Id.*

As noted above, the court at this stage accepts the complaint's factual allegations as true. But this tenet "is inapplicable to legal conclusions." *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). And "[d]etermining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

The federal pleading standard just described requires that district courts "conduct a two-part analysis." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts.

*Fowler*, 570 F.3d at 210–11 (internal citations and quotations omitted).

### III.   DISCUSSION

**A. Eighth Amendment Claim**

42 U.S.C. §1983 "provides a cause of action to any individual who has been deprived of his rights under the Constitution or other federal laws by a person acting 'under color of law.'" *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015).

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII.[2] It is violated by punishments which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). "[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Id.* at 103. Thus, "deliberate indifference to a prisoner's serious illness or injury states a cause of action under §1983." *Id.* A prisoner asserting an Eighth Amendment deliberate indifference claim "must make (1) a subjective showing that 'the defendants were deliberately indifferent to his or her

---

[2] The Eight Amendment is "made applicable to the States by the Fourteenth." *Estelle v. Gamble*, 429 U.S. 97, 101 (1976).

medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

Because paragraphs 30–35 are legal conclusions, the court disregards them. *See Fowler*, 570 F.3d at 210–11.

### 1. Wellpath (*Monell* liability)

Although a private corporation, Wellpath acts under color of state law by providing prison medical services. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003); *Williams v. GEO Grp., Inc.*, No. 22-cv-365, 2022 WL 815446, at *3 (E.D. Pa. Mar. 17, 2022). For Wellpath to be liable under §1983, Plaintiff must allege that a Wellpath policy or custom caused the constitutional violation alleged. *Natale*, 318 F.3d at 584. But Plaintiff makes no specific allegation of a Wellpath policy or custom, only conclusory assertions—which are disregarded. Plaintiff has therefore failed to state a claim for *Monell* liability against Defendant Wellpath. *See Pierre v. Delaware County*, No. 22-2989, 2023 WL 349252, at *3 (E.D. Pa. Jan. 19, 2023); *Pagan v. Pa. Dep't of Corr.*, 3:22-cv-1420, 2023 WL 5985269, at *3 (M.D. Pa. Sept. 14, 2023).

### 2. Individual Defendants

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *repondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Id.* "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.*

Disregarding legal conclusions, (Doc. 32 ¶¶30–35), Plaintiff does not allege with particularity the personal involvement of any individual Defendant. Her factual allegations either do not identify an actor, (i.e. "nothing would be done," "Decedent's requests … were ignored," "Decedent … would be told he had to wait until sick call"), or are simply made against all "defendants." There is simply no factual allegation permitting the court to draw the reasonable inference that any individual Defendant had knowledge of a serious medical need and was deliberately indifferent to that need. Defendants Prince and De Boer cannot be held liable solely because of their positions as Head Physician and Head Nurse. *See Saisi v. Murray*, 822 Fed. App'x 47, 48 (3d Cir. 2020) (non-precedential) (quoting *Evancho v. Fisher*, 423 F.3d F.3d 347, 354 (3d Cir. 2005)).

The court therefore concludes that Plaintiff has failed to state a claim upon which relief can be granted. So Defendant's motion to dismiss will be granted.

### IV.     CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss will be granted.

"[I]n the event a complaint fails to state a claim, unless amendment would be futile, the District Court must give a plaintiff the opportunity to amend her complaint." *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Because of the serious nature of the allegations and it not being clear that amendment would be futile, Plaintiff will be given one additional opportunity to file a second amended complaint. It should name the appropriate defendants and comply with the requirements set forth above.

An appropriate order will issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 30, 2024**
23-1776-01